```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ERNESTO LOPEZ,                           :
                                         :       23cv5515 (DLC)
                    Petitioner,          :       18cr06   (DLC)
         -v-                             :
                                         :      OPINION AND ORDER
UNITED STATES OF AMERICA,                :
                                         :
                    Respondent.          :
                                         :
------------------------------------------ X
```

APPEARANCES:

For the petitioner Ernesto Lopez:
Brandon Sample
Brandon Sample PLC
1701 Pennsylvania Ave NW, #200
Washington, DC 20006

For the United States of America:
Nicholas Folly
Elizabeth A. Hanft
United States Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On July 2, 2019, following a conviction at trial, the defendant Ernesto Lopez, a medical doctor, was sentenced principally to a term of imprisonment of 60 months for his unlawful distribution of controlled substances. Lopez did not appeal. On June 28, 2023, Lopez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate his conviction based on Ruan v. United States, 142 S.Ct. 2370 (2022). Because the petitioner failed to raise this issue on appeal and has failed to demonstrate factual innocence, his § 2255 petition is denied.

**Background**

On January 3, 2018, the Government obtained an indictment against Lopez. On January 9, 2019, the defendant was indicted in a superseding indictment that charged him in nine counts with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, for distributing oxycodone and fentanyl outside the scope of professional practice and not for a legitimate purpose. On February 21, a jury found Lopez guilty on all counts.

On July 2, Lopez was sentenced principally to a term of imprisonment of 60 months. On July 9, Lopez filed a notice of appeal. On July 25, 2019, the Court of Appeals granted his motion to withdraw the appeal.

On October 20, 2022, Lopez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of New York. On April 7, 2023, that petition was transferred to the Southern District of New York, and on April 10, assigned to this Court. On June 23, Lopez withdrew his § 2241 petition. On June 28, Lopez filed the present § 2255 petition. The Government responded on August 18. Lopez did not file a reply.

**Discussion**

In his § 2255 petition, Lopez argues that he is factually and legally innocent in light of the Supreme Court's decision in Ruan. "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." U.S. v. Peña, 58 F.4th 613, 620 (2d Cir. 2023) (citation omitted). A defendant may, however, raise new arguments in a §

2

2255 motion "if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." Id. at 621 (citation omitted). "In order to demonstrate cause, a defendant must show "some objective factor external to the defense, such that the claim was so novel that its legal basis was not reasonably available to counsel." Gupta v. U.S., 913 F.3d 81, 84 (2d Cir. 2019) (citation omitted). To make a showing of actual innocence, the defendant must prove his "factual innocence, not mere legal insufficiency." Hyman v. Brown, 927 F.3d 639, 657 (2d Cir. 2019) (citation omitted). The defendant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dhinsa v. Kruger, 917 F.3d 70, 81 (2d Cir. 2019) (citation omitted).

In 2022, the Supreme Court rejected the Eleventh Circuit's application of an objective standard for evaluating a doctor's treatment and prescription practices under 21 U.S.C. § 841. Ruan, 142 S.Ct. 2370. The Court held that, "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." Id. at 2375.

Lopez is barred from challenging his conviction under § 2255 based on the Supreme Court's decision in Ruan. Lopez does not argue that he can show cause for a procedural default, nor could he. The standard for a physician's criminal liability for the distribution of controlled substances has been a subject of litigation for many years.

3

See, e.g., U.S. v. Khan, 989 F.3d 806, 824-26 (10th Cir. 2021); U.S. v. Tobin, 676 F.3d 1264, 1279-82 (11th Cir. 2012); U.S. v. Feingold, 454 F.3d 1001, 1007-08 (9th Cir. 2006).

Lopez does argue, however, that he is factually and legally innocent. In a single conclusory statement he asserts that, based on the standard enunciated in Ruan, "no reasonabl[e] juror would find that Lopez knowingly or intentionally prescribed in an unauthorized manner." This does not begin to carry Lopez's burden to establish actual innocence. As described in the Government's opposition to the petition, Lopez engaged in the blatant and voluminous illegal distribution of controlled substances, predominantly highly addictive narcotics. Patient files, testimony from an undercover law enforcement officer, the officer's recording of his visit with Lopez, and testimony from "patients" to whom Lopez sold prescriptions, among other evidence, provided overwhelming proof that Lopez was guilty of the illegal distribution of controlled substances even when measured by the standard set out in Ruan.

## Conclusion

Lopez's June 28 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied. The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

Dated:   New York, New York
         November 3, 2023

                                          _____
                                             DENISE COTE
                                          United States District Judge